**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| DONNA ROWELL,<br><br>Plaintiff,<br><br>v.<br><br>THE KROGER CO.,<br><br>Defendant. | : | CIVIL ACTION NO.<br>1:15-cv-0856-RWS |

**ORDER**

This case comes before the Court following Defendant's Motion for Summary Judgment [38] and Defendant's Motion to Exclude the Testimony and Opinions of Michael Schuler, M.D. and Fernando A. Moya, M.D., Ph.D [52]. After reviewing the record, the Court enters the following Order.

**Background**

On April 30, 2014, Plaintiff was a customer at Kroger Store No. 255, located at 2301 College Station Road, Athens Georgia. (Def.'s Mem. Law Supp. It's Mot. Summ. J. (Def.'s MSJ), Dkt. [38-1] at 2.) A freezer in the dairy section on Aisle 19 had been experiencing condensation issues for

approximately one month. (Id. at 2–3.) Defendant was in the process of having it repaired, and it undertook interim precautionary measures such as placing a "sock" underneath the freezer to absorb water and setting caution cones near it as a warning to customers. (Id. at 3.) According to Plaintiff, she turned into the aisle and observed caution cones at its entrance. (Pl.'s Mem. Law Supp. Her Resp. to Def.'s Mot. Summ. J. (Pl.'s Resp.), Dkt. [51] at 2.) After looking in the vicinity for any signs of a wet floor, she proceeded down the right side of the aisle. (Id.) She then turned in between two tables in the center of the aisle to reach for a freezer door before finding herself on the floor. (Id. at 3.) Although she did not observe water prior to reaching for the door, her leg and arm were wet after the fall. Id. At that time she observed a puddle of water approximately five feet long and three feet wide. (Id.) She did not observe caution cones or a "sock" in the immediate area. (Id.) As a result of her fall, Plaintiff claims to have suffered various injuries to her neck, elbow, shoulder, and clavicle, all of which required surgical intervention. (Id. at 5.)

Plaintiff filed this action on March 25, 2015. (Dkt. [1].) On April 14, 2016, five days before discovery was set to end, Defendant filed its Expert Report of Robert T. Greenfiled, III, M.D. (Dkt. [36].) Defendant filed for



AO 72A
(Rev.8/82)

summary judgment on May 19, 2016. (Dkt. [38].) Following the filing of the Motion, a dispute arose regarding Defendant providing Plaintiff with copies of the medical records reviewed by Dr. Greenfield prior to offering his opinions in the case. Defendant did not provide the records to Plaintiff until June 27, 2016 (Dkt. [46]). Plaintiff requested, and was granted, two extensions of time (Dkts. [40], [48]) and filed her response to the Motion for Summary Judgment on August 11, 2016. (Dkt. [51.]) Her response included affidavits of two experts, Michael Schuler, M.D. (Dkt. [51-5]) and Fernando A. Moya, M.D., Ph.D (Dkt. [51-6]), as exhibits. She had previously identified Dr. Schuler in her Initial Disclosures and Answers to Interrogatories as a treating physician, but had not properly identified any expert opinions he would offer. This was Plaintiff's first reference to Dr. Moya. On August 25, 2016, Defendant filed its reply brief (Dkt. [54]) as well its Motion to Exclude the Testimony and Opinions of Michael Schuler, M.D. and Fernando A. Moya, M.D., Ph.D (Motion to Exclude). (Dkt. [52].)

## Discussion

### I. Defendant's Motion to Exclude the Testimony and Opinions of Michael Schuler, M.D. and Fernando A. Moya, M.D., Ph.D



AO 72A
(Rev.8/82)

In its Motion, Defendant seeks to exclude the testimony and opinions of Dr. Schuler and Dr. Moya because Plaintiff failed to comply with the requirements for disclosure of rebuttal expert testimony under Fed. R. Civ. P. 26(a)(2)(D)(ii). Plaintiff points to Defendant's withholding of medical records until after discovery closed and Defendant's identification of its own expert only five days before the close of discovery as excuses for her failure to disclose. The Court finds that neither party complied with the letter or spirit of the applicable rules. Preferring that the issues in the case be decided on their merits, the Court declines to exclude the testimony of any of the identified experts. However, if any party wishes to depose an opposing expert, discovery will be extended for 30 days for the sole purpose of accomplishing those depositions, if desired. Therefore, Defendant's Motion is **DENIED**.

## II. Defendant's Motion for Summary Judgment

### A. Legal Standard

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "The moving party bears 'the initial responsibility of informing the . . . court of the basis for



AO 72A
(Rev.8/82)

its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

Finally, in resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences that are



AO 72A
(Rev.8/82)

reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(a), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

**B. Discussion**

*1. Premises Liability*

Under Georgia law, a landowner owes an invitee a duty to "exercise ordinary care in keeping the premises and approaches safe." O.C.G.A. § 51-3-1. A landowner is not, however, an insurer of an invitee's safety. Bartlett v. McDonough Bedding Co., 722 S.E.2d 380, 382 (Ga. App. 2012) (quoting Gaydos v. Grupe Real Estate Inv'rs, 440 S.E.2d 545, 547 (Ga. App. 1994)). Liability is predicated on the landowner's "superior knowledge of the condition that subjected the invitee to an unreasonable risk of harm." Id. The invitee



AO 72A
(Rev.8/82)

must also "exercise ordinary care to avoid the consequences of any such negligence on the part of an owner/occupier, and the failure to do so bars an invitee's recovery . . . ." Id. "It is incumbent upon the plaintiff to use the degree of care necessary under the circumstances to avoid injury to [himself or] herself." Id. (alteration in original).

Thus, to recover "in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to the actions or conditions within the control of the owner/occupier." Robinson v. Kroger Co., 493 S.E.2d 403, 414 (Ga. 1997). Plaintiff must first prove that Defendant had actual or constructive knowledge of the hazard. Id. The burden then shifts to Defendant to establish Plaintiff was negligent by showing she intentionally and unreasonably exposed herself to a hazard of which she knew, or of which she should have known in the exercise of reasonable care. Id. Plaintiff must then show she lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within Defendant's control. Id.

Defendant, in its motion for summary judgment, asserts that Plaintiff

failed to establish that she did not have equal or superior knowledge of the alleged hazard and has failed to produce sufficient evidence to show her injuries and damages were proximately caused by Defendant's alleged negligence. (Def.'s MSJ, Dkt. [38-1] at 2.) Viewing the evidence and drawing all reasonable inferences in the light most favorable to Plaintiff as the non-moving party, the Court finds that there are genuine issues of material fact as to both Plaintiff's knowledge and proximate causation.

Defendant first claims that Plaintiff cannot show that she lacked knowledge of the alleged hazard because she observed a couple of caution cones which she had to "manipulate" to access the freezer in front of which she fell. (Id. at 12.) Plaintiff, however, claims that the caution cones she observed were at the entrance of the aisle, not in the area of the alleged hazard, and that they insufficiently warned customers as to the full extent of the danger presented. (Pl.'s Resp., Dkt. [51] at 5–6.) There is a genuine issue of material fact as to the placement of the caution cones. In viewing the evidence in the light most favorable to Plaintiff, it is reasonable to infer that the cones did not sufficiently warn her such that she had superior knowledge of the alleged hazard.

Next, Defendant claims that Plaintiff's own negligence entitles it to summary judgment since Plaintiff failed to establish that she exercised due care for her own safety. (Def.'s MSJ, Dkt. [38-1] at 13.) Plaintiff testified, however, that because she saw the caution cones at the end of the aisle, she took great care when walking but fell anyway. (Pl.'s Resp., Dkt. [51] at 14.) Additionally, Plaintiff argues that display tables in the middle of the aisle blocked her view and distracted her such that she could not see the alleged hazard. Id. This is sufficient evidence to create a genuine issue of material fact as to Plaintiff's own negligence.

Finally, there are genuine issues of material fact with regard to whether the alleged hazard proximately caused Plaintiff's injuries. Defendant's assertion to the contrary is predicated on the exclusion of Plaintiff's two experts, Michael Shuler, M.D. and Fernando A. Moya, M.D. Ph.D. As held above, the Court will consider the evidence offered by these two experts. Their expert opinions conflict directly with the opinion of Robert Greenfield, M.D., Defendant's expert, resulting in genuine issues of material fact as to proximate cause. Thus, summary judgment for premises liability under O.C.G.A. § 51-3-1 is **DENIED**.

*2. Litigation Expenses*

Under O.C.G.A. § 13-6-11, a plaintiff may recover the expenses of litigation "where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense . . . ." Plaintiff has specially pleaded for the expenses of litigation, including attorney's fees, due to Defendant's alleged bad faith and stubborn litigiousness. "The existence of bad faith or stubborn litigiousness usually is a jury question, and only in the rare case where there was absolutely no evidence to support the award of expenses of litigation would the trial court be authorized to grant summary adjudication on such issues." Brito v. Gomez Law Grp., LLC, 658 S.E.2d 178, 182 (Ga. App. 2008) (internal quotations and citations omitted).

An award of litigation expenses for stubbornly litigious conduct is predicated on the absence of a bona fide controversy. Thus, "[a]s a matter of law, stubborn litigiousness cannot exist if there is a genuine dispute between the parties." Id. (internal citation omitted). If "the evidence shows the existence of a genuine factual dispute or legal dispute as to liability, the amount of damages, or any comparable issue, then attorney fees are not authorized."

Id. (quoting Wilkinson Homes, Inc. v. Stewart Title Guar. Co., 610 S.E.2d 187, 194 (Ga. App. 2008)). As discussed above, there are multiple genuine factual disputes present in this case. Thus, there is a bona fide controversy. Summary judgment as to litigation expenses for stubbornly litigious conduct is therefore **GRANTED**.

An award of litigation expenses for acting in bad faith is based on "bad faith connected with the transaction and dealings out of which the cause of action arose, rather than bad faith in defending or resisting the claim after the cause of action has already arisen." Lewis v. D. Hays Trucking, Inc., 701 F. Supp. 2d 1300, 1313 (N.D. Ga. 2010) (quoting Monterrey Mexican Rest. of Wise, Inc. v. Leon, 638 S.E.2d 879, 890 (Ga. App. 2006)). "Bad faith" under O.C.G.A. § 13-6-11 "imports a dishonest purpose or some moral obliquity and implies conscious doing of wrong and a breach of known duty through some motive of interest of ill will." Id. (internal quotations omitted). Since questions of bad faith under this statute are generally for the jury to decide, "[e]ven slight evidence of bad faith can be enough to create an issue for the jury." Morrison Homes of Fla., Inc. v. Wade, 598 S.E.2d 358, 361 (Ga. App. 2004).



AO 72A
(Rev.8/82)

Plaintiff claims that Defendant acted in bad faith by destroying or altering the surveillance footage of the incident. These claims, however, are unsubstantiated. Defendant has shown that Plaintiff received copies of the surveillance footage for the relevant time frame. (Def.'s Reply Br. Supp. It's Mot. Summ. J., Dkt. [54] at 7 n.4). Plaintiff's suggestion that one of Defendant's employees altered the footage is not supported by any evidence in the record. Since there is no evidence of bad faith, summary judgment is permitted. Thus, summary judgment as to litigation expenses for acting in bad faith is **GRANTED**.

**Conclusion**

In accordance with the forgoing, Defendant's Motion to Exclude the Testimony and Opinions of Michael Schuler, M.D. and Fernando A. Moya, M.D., Ph.D [52] is **DENIED**. Defendant's Motion for Summary Judgment [38] is **GRANTED** as to O.C.G.A. § 13-6-11 and **DENIED** as to O.C.G.A. § 51-3-1. Discovery is extended for 30 days for the sole purpose of deposing opposing experts. Within 30 days of the close of the extended discovery period, the parties shall submit their proposed consolidated pretrial order.



AO 72A
(Rev.8/82)

**SO ORDERED**, this 3rd day of October, 2016.

**RICHARD W. STORY**
United States District Judge



AO 72A
(Rev.8/82)